IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00192-GCM

| | | |
|---|---|---|
| NORTH CAROLINA CONSTITUTION PARTY, AL PISANO, NORTH CAROLINA GREEN PARTY, and NICHOLAS TRIPLETT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| GARY O. BARTLETT, as Executive Director of the North Carolina Board of Elections; and LARRY LEAKE, ROBERT CORDLE, CHARLES WINFREE, and RONALD G. PENNY, as Members of the North Carolina Board of Elections, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER comes before the Court on Plaintiffs' Rule 56(d) Motion [Doc. No. 41) and Defendants' Opposition to Plaintiff's Motion [Doc. No. 42].

By Order dated May 10, 2012, this Court denied Plaintiffs' Motion for Preliminary Injunction. [Doc. No. 33]. Defendants filed a Motion for Summary Judgment in this case on June 28, 2012. [Doc. No. 36]. Plaintiffs filed their Opposition to Plaintiffs' Motion on July 6, 2012 [Doc. No. 37] and Defendants filed their Reply brief on July 16, 2012. [Doc. No. 38]. Defendants' Motion for Summary Judgment is ripe for adjudication. On August 23, 2012, Plaintiffs filed the instant Motion in which they ask that this Court either deny the Defendants' Motion for Summary Judgment on the merits or defer ruling on the Motion for Summary Judgment in order for Plaintiffs to engage in discovery.

1

Specifically, Plaintiffs note that "the only evidence of record relating to North Carolina's justification for its early presidential filing deadline is contained in two cursory and self-serving declarations from defendant Gary Bartlett, Executive Director of the State's Board of Elections." [Doc. No. 41 at 3]. However, Plaintiffs contend that have had no opportunity to question him and ask that they be permitted to examine Mr. Bartlett. Plaintiffs also ask that they be permitted "to submit counter depositions or affidavits from elections officials in states that have reasonable presidential candidate deadlines to refute whatever justifications North Carolina might come up with to support its mid-May date. Plaintiffs contend that they have "previously submitted declarations which describe how North Carolina's early deadline imposes distinct burdens on the abilities of minor party candidates to satisfy the State's steep signature requirement." Plaintiff's argue that these declarations have created "issues of fact that need to develop the proper application of *Anderson v. Clebbrezze*. [*Id.*]. Plaintiffs further argue that they have had "no opportunity [] to create a record concerning what other minor political parties have experienced in North Carolina working under its early deadlines." [*Id.*]. Plaintiffs also argue that they have not had the opportunity to engage in discovery to determine what records the State might have relating to ballot access attempts by third party presidential candidates. Plaintiffs conclude that "deciding this case without such information [] is simply no way to decide the important constitutional questions that are presented. [*Id.* ].

Defendants contend that this case is appropriate for summary judgment and that the discovery Plaintiffs are seeking is not necessary for resolution of the legal issue before this Court which is whether the May 17 deadline for submission of petition signatures by groups seeking recognition as new political parties is facially unconstitutional. Discovery on the basis for the May 17 deadline, deadlines chosen by other states, or the success of groups in North Carolina in

meeting the deadline, will not change whether there is any genuine issue on the deadline in North Carolina and whether that deadline is constitutional. The Court agrees.

ANALYSIS

First, the Court notes that Plaintiffs agreed in the Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan that discovery "will not commence until after the Court rules on Defendants' Motion for Summary Judgment or on the Plaintiffs' Rule 56(d) Motion which the parties anticipate filing by the end of June." [Doc. No. 35, ¶ 3(b)]. While the Defendants filed their Motion for Summary Judgment on June 28, 2012, Plaintiffs did not comply with the timetable provided in their Certification and Report of F.R.C.P 26(f) Conference and Discovery Plan. Instead, Plaintiff delayed and filed the instant motion on August 23, 2012 – almost 2 months after the date by which they agreed to file such motions.

Next, the cases cited by Plaintiffs do not support their argument that additional discovery is needed to decide the legal question at issue – whether the May 17 petition deadline, standing alone, renders North Carolina's ballot access provisions unconstitutional as a matter of law. While, the parties agree that *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and its progeny sets forth the initial test for evaluating election law claims, the cases cited by Plaintiffs, do not, as Plaintiffs contend, support their contention that additional discovery is needed to resolve the purely legal question at issue in this case. The discrete issue before the Court is a legal question appropriate for summary judgment based on the pleadings, affidavits of the parties and their legal arguments. Plaintiffs have not convinced this court that any discovery is needed in order for the Court to make the legal determination required by *Anderson* and its progeny. However, the Court notes that Defendants do not object to allowing Plaintiffs a reasonable time to collect desired affidavits before the Motion for Summary Judgment is ruled on so long as Plaintiffs

3

undertake such efforts in a reasonable time.  This Court anticipates placing Defendants' Motion for Summary Judgment on for hearing sometime in December.  If the Defendants still do not object and the parties can agree on a reasonable time for Plaintiff to collect such desired affidavits, the Court has no objection.

The Court has considered the arguments in Plaintiffs' Motion and Defendants' response and declines Plaintiffs' invitation to deny or defer ruling on Defendants' Motion for Summary Judgment and grant them the opportunity to engage in discovery.  Plaintiffs' Rule 56(d) Motion is DENIED.

**IT IS, THEREFORE ORDERED** that:

(1)  Plaintiffs' Rule 56(d) Motion is DENIED (Doc. No 40);

(2) Defendants' Motion for Summary Judgment will be scheduled for a hearing in December and the Court will provide a hearing date shortly.

**SO ORDERED**.

Signed: October 18, 2012

Graham C. Mullen
United States District Judge